United States District Court
Southern District of Texas

**ENTERED**

March 30, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| JAIME DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:20-CV-00023 |
| | § | |
| EAN HOLDINGS, LLC and | § | |
| ENTERPRISE RENT-A-CAR | § | |
| COMPANY OF TEXAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Jaime Diaz asserts negligence and premises liability claims against Defendant EAN Holdings, LLC ("EAN") for injuries he sustained after a driver crashed into the rental car facility in which he was a customer.[1]  Pending before the Court is EAN's Motion for Summary Judgment.  (Dkt. No. 15).  Diaz did not respond.  For the reasons that follow, the Court **GRANTS** the motion.

---

   [1]   Diaz's Petition names both EAN and Enterprise Rent-A-Car Company of Texas ("Enterprise") as defendants.  (Dkt. No. 1-1 at 1).  EAN states that it merged with Enterprise in 2009 and that EAN is the sole surviving entity.  (Dkt. No. 1 at ¶ 4) (Notice of Removal); (Dkt. No. 14 at ¶ 4) (First Amended Answer);  (Dkt. No. 15 at 1) (Motion for Summary Judgment).  Indeed, EAN attached its Certificate of Merger from the State of Texas, showing that both entities merged and that EAN is the sole surviving entity.  (Dkt. No. 1 at 6–10).  Diaz has not disputed EAN's assertions.  Thus, the Court construes Diaz's claims as directed solely at EAN.

## I.     BACKGROUND

On December 2, 2019, Diaz filed this lawsuit in the 105th Judicial District Court of Kleberg County.  (Dkt. No. 1-1).  EAN removed the case to this Court based on diversity jurisdiction.[2]  (Dkt. No. 1).

In Diaz's live pleading, he states that he visited an Enterprise Rent-A-Car branch in Kingsville, Texas on or around January 5, 2019 to rent a vehicle.  (Dkt. No. 1-1 at ¶ 10). While standing inside, Diaz was struck from behind by a car that crashed through the front wall of the store, and Diaz was seriously injured.  (*Id.*).  At that time, there were no bollards or other safety barriers around the store that would prevent a car from crashing into it and penetrating the store.  (*Id.*).  Diaz asserts two claims under Texas law: negligence and premises liability.  (*Id.* at ¶¶ 11–16).  He seeks more than $200,000 in damages, costs, and interest. (*Id.* at ¶ 21).  EAN moved for summary judgment, (Dkt. No. 15), and Diaz failed to respond.

## II.     LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could

---

2     Neither party contests jurisdiction under 28 U.S.C. § 1332.  EAN is a limited liability company organized and existing in Delaware.  (Dkt. No. 1 at 2).  The citizenship of a limited liability company is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  EAN's sole member is Enterprise Holdings, Inc., a Missouri corporation with its principal place of business in Missouri.  (Dkt. No. 1 at 2).  Diaz is a Texas citizen. (Dkt. No. 1-1 at 1).  The amount in controversy is over $75,000.  (Dkt. No. 1-1 at 1).

return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (citations omitted). "The nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim." *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (cleaned up). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citation omitted).

Relevant here, if no response to a motion for summary judgment has been filed, the Court may find as undisputed the statement of facts in the motion for summary

judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). This means that factual controversies are to be resolved in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

### III.   DISCUSSION

The facts as alleged in EAN's Motion for Summary Judgment are undisputed because Diaz did not file a Response. *See Eversley*, 843 F.2d at 174. Indeed, the Court is left with no choice because Diaz must "go beyond the pleadings" and designate specific facts showing that there is a genuine issue for trial by his own affidavits, depositions, answers to interrogatories, or admissions on file. *Nola Spice Designs*, 783 F.3d at 536. There are no such supporting materials in the record, beyond what EAN supplied in its Motion. And even so, "[j]udges are not like pigs, hunting for truffles buried in the record." *United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) (citation omitted). The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted).

## A.    NEGLIGENCE CLAIM

EAN argues that, under Texas law, Diaz cannot maintain a negligence claim. (Dkt. No. 15 at 4). This is because a negligent activity claim[3] only exists if there is contemporaneous conduct by the defendant that caused the plaintiff's injury. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 215 (Tex. 2015). When the plaintiff's injury arises "from a premises condition rather than any contemporaneous activity" by the defendant, the plaintiff "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Id.* (quoting *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 197 (5th Cir. 2014) (per curiam) (emphasis in original)). The rationale is that "[p]remises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 527 (5th Cir. 2018) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)).

Here, the undisputed evidence is that Diaz's injuries were caused by a third party—an uninsured driver who crashed into the building. (Dkt. No. 15-1 at ¶ 5) (affidavit of EAN risk manager Abbie Hoelscher). No EAN employee engaged in a contemporaneous act that harmed Diaz. *See* (*Id.*). Diaz's Petition, which is not competent summary judgment evidence, says as much. (Dkt. No. 1-1 at ¶ 10). Therefore, Diaz's negligent activity claim fails as a matter of law. *See Austin*, 465 S.W.3d at 215.

---

[3]    A negligent activity claim appears to be the only negligence claim alleged in Diaz's live pleading. Because he alleges no additional duty beyond the "duty to keep the premises reasonably safe and to not injure the invitee through contemporaneous negligent activity," there is no basis for a standalone negligence claim. *See Austin*, 465 S.W.3d at 215.

### B.   PREMISES LIABILITY CLAIM

Diaz also raises a claim for premises liability under Texas law.  (Dkt. No. 1-1 at 4).

Premises liability requires the existence of a duty.  *Del Lago Partners, Inc. v. Smith*, 307

S.W.3d 762, 767 (Tex. 2010).  Duty is a question of law, and an outright lack of duty

forecloses a premises liability claim in the first place.  *Id.*  "In a premises liability action,

the duty owed by a premises owner depends on the plaintiff's status."  *Scott & White*

*Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010).  One kind of status is an invitee.  "An

invitee is one who enters the property of another with the owner's knowledge and for the

mutual benefit of both."  *Catholic Diocese of El Paso v. Porter*, 622 S.W.3d 824, 829 (Tex.

2021) (citation omitted).  Here, the Parties agree that Diaz is an invitee.  (Dkt. No. 1-1 at ¶

14); (Dkt. No. 15 at ¶ 9).  Thus, EAN had a duty to protect Diaz "from any unreasonably

dangerous condition in its store of which it had actual or constructive knowledge."

*Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006).

In a premises liability case, after a duty has been found, the plaintiff has the burden

to prove four elements to recover from the defendant:

> (1) the property owner had actual or constructive knowledge
> of the condition causing the injury;
>
> (2) the condition posed an unreasonable risk of harm;
>
> (3) the property owner failed to take reasonable care to reduce
> or eliminate the risk; and
>
> (4) the property owner's failure to use reasonable care to
> reduce or eliminate the risk was the proximate cause of
> injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014) (per curiam). As these elements indicate, premises liability does not amount to strict liability. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002).

EAN raises three independent grounds for summary judgment on Diaz's premises liability claim. First, that EAN owed no duty to Diaz to protect him from being struck by a runaway vehicle while he was inside the building. (Dkt. No. 15 at 6–7). Second, that even if EAN owed Diaz a duty, there was no breach because his injuries did not occur as the result of an unreasonably dangerous condition on the premises. (*Id.* at 8–10). Last, that the absence of bollards or other barriers at the branch was not the proximate cause of Diaz's injuries. (*Id.* at 10–11). The Court addresses each argument in turn.

### 1.      EAN owed no duty to Diaz

EAN maintains that the occupier of a premises only owes a duty to invitees to protect them from foreseeable harms. *Hendricks v. Todora*, 722 S.W.2d 458, 460 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). To establish foreseeability, the plaintiff must show that the defendant should have anticipated the danger created. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992). But "[an] occupier is not an insurer, and although reckless and criminal acts do occur occasionally and thus may be foreseeable in a broad sense, the occupier has no duty to guard against dangers that he cannot reasonably foresee in the light of common or ordinary experience." *Hendricks*, 722 S.W.2d at 461. Rather, the occupier owes a duty to protect an invitee only from those harms that are probable according to usual experience. *Id.* Given the scope of the duty the occupier owes to the invitee, EAN makes a purely legal argument that a "runaway vehicle crashing into a

7

building" is outside its duty as a matter of law in Texas.  (Dkt. No. 15 at ¶ 13).  The Court

agrees.

In Texas, it has been established for at least a century that this type of accident is

unforeseeable.  The seminal case is *City of Dallas v. Maxwell*, 248 S.W, 667 (Tex. [Comm'n

Op.] 1923) (holding approved).[4]  There, the Commission of Appeals, while "not

unmindful of the obvious fact that motor-driven vehicles do become defective and

unmanageable, that horses and other animals become frightened and control over them

is lost, and that drivers are sometimes negligent, and accidents more or less serious

result," held that a municipality had no duty to protect motorists from "unusual or

extraordinary circumstances" like the "loss of entire control and direction of an animal

or machine."  *Id.* at 670–71.  This is because:

> [W]hen not brought about by some defects in the highway,
> they are not incident to ordinary travel, and do not happen as
> a result of the ordinary use of highways—that use for which
> [highways] are designed.  When and where [accidents] may
> happen and the attendant consequences are matters of the
> barest chance and purest speculation.  If in contemplation of
> law they were foreseeable, and therefore to be guarded
> against, then no limitations could be set to mark the bounds
> of a city's duty in the construction and maintenance of its
> highways.  These occurrences might take place anywhere at
> any time, and to impose liability for their harmful results
> would in effect make the municipality an insurer of the
> traveler's safety.

---

[4]    Texas at various times has formed a Commission of Appeals to alleviate the workload
of the Supreme Court of Texas and the Texas Court of Criminal Appeals.  The precedential value
of a case decided by the Texas Commission of Appeals depends on whether the opinion issued
was adopted, the holding was approved, or the judgment was adopted.  An adopted opinion has
the full authority of a Texas Supreme Court decision.  *In re Finley*, 138 B.R. 181, 183 (Bankr. E.D.
Tex. 1992).

*Id.* at 671.

While *Maxwell* concerned a municipality's liability for road design, since then, Texas courts have drawn on *Maxwell* to consistently hold that occupiers of buildings have no duty to protect invitees for harms that occur from runaway vehicles, driven by third parties, that crash into or near the premises.  *See*, *e.g.*, *Cueva v. APTDF, Ltd.*, No. 14-15-00206-CV, 2016 WL 3134579, at *5 (Tex.App.—Houston [14th Dist.], 2016, no pet.) (car crashing into apartment unforeseeable); *Hendricks*, 722 S.W.2d at 461 (vehicle crashing into restaurant unforeseeable); *Watkins v. Davis*, 308 S.W.2d 906, 909 (Tex.App.—Dallas 1957, writ ref'd n.r.e.) (truck crashing into grocery store unforeseeable); *see also Stenson v. Dollar Gen. Corp.*, No. 5:21CV18-RWS-CMC, 2022 WL 509345, at *22 (E.D. Tex. Jan. 28, 2022) (car crashing into customer on sidewalk directly in front of store unforeseeable), *report and recommendation adopted*, 5:21-CV-00018-RWS, 2022 WL 507489 (E.D. Tex. Feb. 18, 2022).

Put simply, EAN had no duty to protect Diaz from being struck by a runaway car driven by a third party that crashed through the wall of the building, absent evidence of extraordinary circumstances that would justify the imposition of a duty.  *Hendricks*, 722 S.W.2d at 461.   EAN has provided evidence showing there are no extraordinary circumstances.  The affidavit of EAN risk manager Abbie Hoelscher states that in the five years preceding the accident, there was "no record of an accident, purported accident, claim or lawsuit similar to [Diaz's] accident" at any of EAN's branches in South Texas. (Dkt. No. 15-1 at ¶ 9).  Diaz has offered no evidence to rebut EAN.  Viewing the evidence in the light most favorable to Diaz, the Court finds that he has failed to raise a material

9

fact issue sufficient to defeat summary judgment on the issue of duty. *Parrish*, 917 F.3d

at 378.

### 2.   There was no unreasonably dangerous condition on the premises

Next, EAN argues that even if it owed Diaz a duty, there was no breach because

his injuries did not occur as the result of an unreasonably dangerous condition on the

premises. (Dkt. No. 15 at 8–9). EAN asserts that the building's lack of bollards or other

safety barriers is not an unreasonable risk. (*Id.*). The Court agrees.

An occupier is only accountable in premises liability to an invitee insofar as there

is an unreasonably dangerous condition on the premises. *Henkel*, 441 S.W.3d at 251. The

risk posed by a condition is unreasonable "if it is of such magnitude as to outweigh what

the law regards as the utility of the alleged negligent act or omission." *Hendricks*, 722

S.W.2d at 461. Reasonableness is determined, at least in part, by the probability of the

occurrence, the utility of the occupier's operation, and the cost of protective action. *See id.*

EAN maintains that it was reasonable for it to not have installed a safety barrier

around its building to prevent vehicles from crashing through the wall. As evidence, it

submits the affidavit of architectural engineer Gordon Landreth. (Dkt. No. 15-2). In sum,

Landreth provides three salient reasons why EAN's building design—without barriers—

was reasonable: (1) the local ordinances in the City of Kingsville and the standard of care

in the broader Coastal Bend region do not require barriers; (2) national standards for

designing buildings of this type do not call for barriers; and (3) the rental branch itself

was designed safely. (*Id.* at ¶¶ 3–5). This evidence is sufficient to show that there was

no unreasonably dangerous condition on the premises. Again, Diaz provides nothing to

refute this point.  The Court finds that Diaz has failed to raise a material fact issue sufficient to defeat summary judgment on his unreasonably dangerous condition argument.  *Parrish*, 917 F.3d at 378.

### 3. The absence of barriers outside the building is not the proximate cause of Diaz's injuries

Last, EAN argues that the lack of bollards outside the rental branch is not the proximate cause of Diaz's injuries.  (Dkt. No. 15 at 10–11).  Diaz, as the plaintiff, bears the burden of showing that EAN's omission is the proximate cause of his injury.  *Henkel*, 441 S.W.3d at 251–52.  To do so, he must establish both (1) foreseeability and (2) cause in fact. *Smith*, 307 S.W.3d at 774.  "The 'foreseeability' analysis is the same for both duty and proximate cause."[5]  *Id.* (quoting *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 659 (Tex. 1999)).  The test for cause in fact is "whether the defendant's act or omission was a substantial factor in causing the injury and without which the injury would not have occurred."  *Id.*  "These elements cannot be established by mere conjecture, guess, or speculation."  *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005) (citation omitted).  On the other hand, "[i]f the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact."  *Id.*  These cases recognize the longstanding legal principle that a defendant's relationship to a plaintiff's injuries cannot be too attenuated.

---

[5]    *See Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 659 (Tex. 1999) (discussing how Texas jurisprudence describes duty and proximate cause "in a confused and overlapping way" because both rest on a determination of "foreseeability").

The Court finds that the lack of bollards was not the proximate cause of Diaz's injuries. Even if EAN owed Diaz a duty to erect barriers to prevent runaway vehicles from crashing into the building, and even if EAN breached that duty, there is no evidence that such a breach proximately caused Diaz's injuries. First, the incident was unforeseeable under Texas law. *Hendricks*, 722 S.W.2d at 461. Second, the lack of barriers was not a substantial factor in *causing* the injury and without which the injury would not have occurred. *Smith*, 307 S.W.3d at 774. The third-party reckless driver's conduct was the cause in fact of Diaz's injuries. (Dkt. No. 15-1 at ¶¶ 5–6); (Dkt. No. 15-2 at ¶¶ 3–5). EAN, by contrast, operated a business, fronted by a sidewalk, fronted by a parking lot, in which drivers were free to park. Thus, EAN "merely furnished a condition that made the injuries possible." *Urena*, 162 S.W.3d at 551. This is too remote to constitute cause in fact under Texas law.

Diaz has not rebutted EAN's contentions that the accident was unforeseeable and that the lack of barriers around its building was not the cause in fact of his injuries. Either is an adequate basis for the Court to find that Diaz has failed to raise a material fact issue sufficient to defeat summary judgment on the issue of proximate cause. *Parrish*, 917 F.3d at 378.

## IV.   CONCLUSION

The Court concludes that EAN has shown that there is no genuine dispute as to any material fact as to both Diaz's negligence and premises liability claims—in part because Diaz did not respond to the Motion for Summary Judgment and failed to carry his burden of showing that material factual issues existed. Therefore, EAN is entitled to

judgment as a matter of law.   The Court **GRANTS** EAN's Motion for Summary Judgment.

It is SO ORDERED.

Signed on March 29, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**